WILLIAM SAULSBERRY v. STEPHEN NETHERCUTT, RECEIVER.

[Kentucky Law Reporter, Vol. 2—426.]

**Bad Faith Toward Surety.**

> Where two bonds are taken by a receiver for the sale of machinery, the first of which only is signed by a surety and falls due six months before the maturity of the second, and the receiver makes no effort for execution on the first bond until after maturity of both, and then procures execution on both, and levy and sale of the machinery, the surety is entitled to have the proceeds of said sale applied to the payment of the first bond before any part thereof is applied to the payment of the second.

### APPEAL FROM CARTER CIRCUIT COURT.

April 30, 1881.

OPINION BY JUDGE HARGIS:

The appellant, William Saulsberry, executed as security the first of two bonds given to the receiver for the sale of an engine, boiler, etc., and payable in six and twelve months. The receiver, who became the purchaser of appellant's property under the judgment appealed from, refused to have an execution issued on the first bond at the time, and for six months after it became due. The engine, boiler, etc., was in the possession and owned by the principal in bonds during the said six months, and therefore subject to levy and sale under an execution upon the first bond.

But in order to divide the proceeds of their sale as a credit upon each bond, and thereby hold the appellant in effect bound upon the second bond for one-half of the amount for which the engine, boiler, etc., should lack in bringing to pay both bonds, the receiver refused to cause or permit execution to be issued upon the first bond until the second became due, and then he caused both to issue upon the same day, and to be placed in the hands of the deputy sheriff at the same time, who levied them upon the engine, boiler, etc., at the same time, and sold that property thereafter, and apportioned the sum it brought equally between the two executors.

The appellant, who, it seems, was the only solvent person on either bond, was told by the receiver as an inducement to sign the first bond that the engine, boiler, etc., would always bring its amount, and the appellant thereupon signed it, but absolutely refused to sign the second bond.

Under these circumstances it was bad faith upon the part of the receiver to refuse or intentionally neglect to have execution issued upon the first bond so soon as it became due, and proceed with reasonable diligence to its collection by subjecting the engine, boiler, etc., to its payment. If he had done so the appellant would have had nothing to pay, as the property brought considerably more than the amount of the first bond.

The highest legal value that belongs to a contract is its enforcibility according to the spirit and understanding in which each party knows or has reason to know the other made it. No deception should be allowed to be made effectual by the act of a party who holds the controlling power to that end and perverts it to that purpose; and we are, therefore, of the opinion that enough of the proceeds of the sale should be applied to the first bond to extinguish it, and the remainder credited upon the second bond.

Wherefore the judgment is *reversed* and cause remanded with directions to correct the credits on the bonds as herein indicated, and to dismiss the appellee's action against the appellant, William Saulsberry.

*Roe & Roe, for appellant.*

*R. D. Davis, for appellee.*